**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-20124-02-CM |
| ) | 08-20105-01-CM |
| GUY M. NEIGHBORS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

This case is before the court on Defendant's Motions for Reconsideration (Doc. 539 in Case No. 07-20124-02; Doc. 293 in 08-20105-01). In both cases, defendant filed identical motions to dismiss for lack of territorial jurisdiction during a brief period when he was not represented by counsel. The court later denied the motions without prejudice because the court appointed new counsel for defendant and all requests for relief had to come through counsel.

Counsel filed the instant motions to reconsider after the court granted him leave to do so out of time. Although counsel does not further argue the merits of defendant's motions, he does ask the court to consider the motions on their merits. Because of the circumstances at the time defendant originally filed the motions pro se, the court now deems it appropriate to consider the substance of the motions to dismiss for lack of territorial jurisdiction.

In his motions to dismiss, defendant argues that this court lacks "exclusive jurisdictional authority over the exact geographical location where the alleged criminal activity mentioned in the indictment took place." (Docs. 539, 293 at 1.) The content of defendant's motions and the arguments contained therein are not unfamiliar to the court. The court has seen them in a number of filings by criminal defendants—particularly those proceeding pro se. Courts also regularly reject

them as frivolous.

Federal law vests this court with jurisdiction over "all offenses against the law of the United States." 18 U.S.C. § 3231; *see also United States v. Tony*, 637 F.3d 1153, 1158 (10th Cir. 2011) ("[I]n every federal criminal prosecution [subject-matter jurisdiction] comes from 18 U.S.C. § 3231, . . . . That's the beginning and the end of the 'jurisdictional' inquiry.") (citation and quotation marks omitted). The United States Constitution further empowers Congress to create, define, and punish crimes—without regard to where they are committed. *See* U.S. Const. art. I, § 8; *United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990). And the Tenth Circuit has rejected a similar challenge to the court's jurisdiction, stating:

> Defendants . . . challenge . . . the original jurisdiction of the federal district court to prosecute crimes committed within the States. Their principal argument is that the States are sovereign and the federal government is not authorized to prosecute crimes committed within their borders. The Supremacy Clause, the Civil War, the decisions of the Supreme Court, and acts of Congress make it clear that so long as there is a constitutionally authorized federal nexus, the federal government is free to act anywhere within the United States.

*United States v. Lampley*, 127 F.3d 1231, 1245–46 (10th Cir. 1997); *see also United States v. D'Armond*, 65 F. Supp. 2d 1189, 1197–98 (D. Kan. 1999).

Defendant's motions to dismiss lack a valid basis for relief, and the court therefore denies the motions to reconsider filed by counsel.

**IT IS THEREFORE ORDERED** that Defendant's Motions for Reconsideration (Doc. 539 in Case No. 07-20124-02; Doc. 293 in 08-20105-01) are denied.

Dated this 18th day of September, 2012 at Kansas City, Kansas.

    s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**