**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**     ) | |
| ) | |
| **Plaintiff,**     ) | |
| ) | |
| **v.**     ) | **Case No. 07-20124-02-CM** |
| ) | |
| **GUY M. NEIGHBORS,**     ) | |
| ) | |
| **Defendant.**     ) | |
| _____) | |

## <u>MEMORANDUM AND ORDER</u>

This case is before the court on defendant's Motion to Dismiss Money Laundering Counts and Money Laundering Forfeiture Allegation (Doc. 567) and Motion for Bill of Particulars as to Counts 1-15 (Doc. 570).

Defendant moves to dismiss the money laundering counts and forfeiture allegations on the following rationale:

- Return of the Second Superseding Indictment was based on a representation that proof of net profits was an element of the money laundering statute.

- During the trial of defendant's co-defendant in 2010, the government showed gross profits—not net profits—for the money laundering counts and forfeiture allegation.

- If the government intends to prove those counts against defendant by showing gross profits, as well, then defendant could seek an acquittal for failure to prove an element of the crime.

Defendant's request is premature. No evidence has been presented in this case. Defendant's case was severed from his co-defendant's case, and the government must prove its case against him

separate and apart from the case that has already been tried.  If, at the close of evidence, defendant

still believes that he is entitled to an acquittal based on the evidence presented at his trial, he may so

move.  But he is not entitled to dismissal of the counts against him at this time.

Defendant alternatively asks that, if the court denies his motion to dismiss, the court order

the government to file a Bill of Particulars so that defendant may prepare a defense and avoid

surprise at trial.

"The purpose of a bill of particulars is to inform the defendant of the charge against him with

sufficient precision to allow him to prepare his defense."  *United States v. Ivy*, 83 F.3d 1266, 1281

(10th Cir. 1996) (quoting *United States v. Levine*, 983 F.2d 165, 166–67 (10th Cir. 1992)).  When

reviewing a motion for a bill of particulars, the court considers whether the defendant has: (1) a

meaningful opportunity to prepare his defense; (2) assurances against unfair surprise at trial; and (3)

protection from double jeopardy.  *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988).  In

the Tenth Circuit, it is usually enough for the indictment to track the statute when the statute

adequately expresses all of the elements of the offense.  *Id.*  Additionally, a bill of particulars is

unnecessary when the defendant has already obtained the relevant information from the government

through other disclosures.  *United States v. Cheever*, No. 05-10050-01-MLB, 2006 WL 1360519, at

*9 (D. Kan. May 18, 2006) (recognizing that the Tenth Circuit has "affirmed denials of motions for

bills of particulars when the defendant has already obtained the relevant information from the

government through other disclosures.").

Here, the detailed Second Superseding Indictment tracks the relevant statutes and expresses

the elements of each offense.  Furthermore, defendant has received large amounts of discovery over

the four-plus years since the Second Superseding Indictment was filed and has available the record

of proceedings from his co-defendant's trial.  This gives defendant a meaningful opportunity to prepare his defense and should prevent unfair surprise at trial.  In fact, defendant arguably has more information from which to prepare his defense than most defendants preparing for trial, given that his co-defendant has already been tried.  The court therefore denies defendant's motion for bill of particulars.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss Money Laundering Counts and Money Laundering Forfeiture Allegation (Doc. 567) is denied.

**IT IS FURTHER ORDERED** that defendant's Motion for Bill of Particulars as to Counts 1-15 (Doc. 570) is denied.

Dated this 22nd  day of October, 2012 at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**