**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**   )<br>                                                            )<br>                    **Plaintiff,**          )<br>                                                            )<br>**v.**                                                     )<br>                                                            )   **Case No. 07-20124-02-CM**<br>**GUY NEIGHBORS,**                       )<br>                                                            )<br>                    **Defendant.**     )<br>                                                            ) | |

**MEMORANDUM AND ORDER**

  This closed criminal case is before the court on two related motions: Guy Neighbors's Motion for Return of Property Pursuant to F.R.C.P. Rule 41(g) (Doc. 684) and Motion for Evidentiary Hearing Pursuant to Federal Rule Crim. P. 41 (Doc. 700).  Mr. Neighbors does not specifically identify the property he wants returned, but the court presumes that he is asking for all property taken in connection with his case.

  Under Rule 41(g), "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g).  If there are factual issues necessary to resolve the motion, the court must conduct an evidentiary hearing. *Id.*  The party seeking return of the property must show that "the retention of the property by the government is unreasonable . . . ." *In re Matter of Search of Kitty's E.*, 905 F.2d 1367, 1375 (10th Cir. 1990).  After the proceedings are concluded, this burden shifts to the government to show a legitimate reason to retain the property.  *United States v. Clymore*, 245 F.3d 1195, 1201 (10th Cir. 2001) (citation omitted). "[T]he government has a legitimate interest in maintaining control of property relevant to the prosecution and sentencing of a defendant until his criminal proceedings are final." *United States v.*

*Nelson*, 190 F. App'x 712, 715 (10th Cir. 2006).  But the government must show that the property is relevant to the proceedings.  *Id.*

Given that the charges against Mr. Neighbors have been dismissed, it is possible that some of the property could be eligible for return.  The complicating factor is that Mr. Neighbors's wife has been convicted of companion charges, and her case remains active.  The pendency of Mrs. Neighbors's case impacts the motions now before the court.  Although the court has ruled on her habeas petition and Rule 60(b) motion, it remains possible that she will appeal those rulings.  If she succeeds on appeal, one recourse could be a second trial.  In fact, the court withheld ruling on the instant motions until resolving Mrs. Neighbors's Rule 60(b) motion to avoid any potential conflict between the two rulings.

Because of Mrs. Neighbors's continuing case, a return of all property is not appropriate at this time.  *See United States v. Wacker*, 903 F. Supp. 1412, 1414 (D. Kan. 1995) ("[T]he government can keep seized property until all the proceedings are finished.").  The court understands that Mr. Neighbors contends that most (or all) property was wrongfully taken, but the instant motion is not a proper vehicle for making that assertion.  Mr. Neighbors cannot collaterally challenge the search and seizure through a Rule 41(g) motion.  *See United States v. Penry*, 515 F. App'x 784, 789 (10th Cir. 2013) (upholding the district court's decision not to allow a defendant to collaterally attack a search and seizure through a post-conviction Rule 41(g) motion).  Perhaps even more importantly, Mr. Neighbors may not use a Rule 41(g) motion to challenge the search and seizure as it relates to his wife.  In any event, Rule 41(g) permits the return of property that was seized either illegally or legally.  *See Wacker*, 903 F. Supp. at 1414 n.1; Fed. R. Crim. P. 41(e) advisory committee's note (1989) (providing that the rule—now 41(g)—was changed to allow a person whose property had been lawfully seized to

seek return of that property).  Here, if property is neither contraband nor necessary for the continued prosecution of Mrs. Neighbors, it should be returned to Mr. Neighbors.

The court will conduct a hearing to determine whether any of the property may be returned to Mr. Neighbors before his wife's case is concluded.  The court does not, however, require the government to address each piece of property individually.  The government may group the property into categories to demonstrate to the court why it is necessary to keep that property until Mrs. Neighbors's case concludes.  *See, e.g.*, *Nelson*, 190 F. App'x at 715 (remanding for the district court to consider whether certain classes of property were relevant to continued proceedings).  The court will assume for purposes of the hearing that any property that is (1) not reasonably necessary for Mrs. Neighbors's case and (2) not contraband should be returned to Mr. Neighbors.  *See United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1212 (10th Cir. 2001) ("[T]he general rule is that 'seized property, other than contraband, should be returned to its rightful owner once the criminal proceedings have terminated.'") (citations omitted).  In other words, the court will not consider the propriety of the searches or other evidence to show that the property was unlawfully seized.  It is not necessary for resolution of the pending motions.

**IT IS THEREFORE ORDERED** that Mr. Neighbors's Motion for Return of Property Pursuant to F.R.C.P. Rule 41(g) (Doc. 684) is taken under advisement.

**IT IS FURTHER ORDERED** that Mr. Neighbors's Motion for Evidentiary Hearing Pursuant to Federal Rule Crim. P. 41 (Doc. 700) is granted in part.  The court will conduct a hearing, but limited only to the issue of the government's need to retain groups of property.  The hearing will not address the propriety of the searches or seizures.

-4-

**IT IS FURTHER ORDERED** that a hearing is set for February 9, 2015 at 1:30 p.m.

Dated this 22nd day of January, 2015, at Kansas City, Kansas.

                                                <u>s/ Carlos Murguia</u>
                                                **CARLOS MURGUIA**
                                                **United States District Judge**