IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | Case No. 07-20124-02-CM |
| **GUY NEIGHBORS,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

On January 22, 2015, this court took defendant Guy Neighbors's motion for return of property (Doc. 684) under advisement and set the motion for hearing on February 9, 2015 (granting in part Mr. Neighbors's motion for an evidentiary hearing (Doc. 700)). Mr. Neighbors appealed the court's order and also filed additional documents and motions challenging the court's order and impartiality. The court cancelled the hearing, and now takes up the following requests for relief:

- **Doc. 708:** Notice of Error, Demand for Judicial Review of Objections, Exceptions, Demands to Judge's Me[m]orandum/Order Doc. #707;

- **Doc. 713:** Memorandum of Law;

- **Doc. 714:** Guy Neighbors['s] Demands, Objections and Exceptions to Order for Evidentiary Hearing Document 707;

- **Doc. 715:** Motion for Reconsideration of the Judge[']s Order as it did not Coin[c]ide with the Facts of the Case or the Law; and

- **Doc. 723:** Motion to Recuse and Transfer this Case to the Topeka Justice Department Due to Extrinsic Fraud that Robbed the Court of Subject Matter Jurisdiction and the Judge's Violation

of 4.18 1951 Interference with Commer[ce] by Robbery or Extortion (Hobb's Act) Also Due to Hardship in Driving 46 Miles to Court as [Opposed] to 17 Miles.

The Tenth Circuit abated the appeal pending this court's rulings on the motions.  In addressing these objections and documents, the court will group them together by subject.

First: the documents alleging a conflict of interest and seeking recusal of the undersigned judge (Docs. 708 and 723).  In these filings, Mr. Neighbors contends that the undersigned judge has a conflict of interest and should recuse from this case.  Mr. Neighbors's allegations of a conflict are conclusory and unsupported, and he has offered no valid basis for recusal.

Recusal is required under 28 U.S.C. § 455 when "a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987) (citations omitted).  Recusal is not required based on "unsupported, irrational, or highly tenuous speculation." *Id*.  This type of speculation describes the nature of Mr. Neighbors's allegations.  The court will not address them further, other than to hold that a reasonable person would not question the undersigned judge's impartiality—particularly when the court dismissed the charges against Mr. Neighbors for violation of his right to a speedy trial.

To be certain, Mr. Neighbors disagrees with a multitude of the court's rulings in his case.  Most recently, Mr. Neighbors disagrees with how the court handled his motion to return property.  But the court has fairly and impartially considered all matters properly brought before it.  A reasonable person, knowing all of the relevant facts, would not question this court's impartiality.  The undersigned judge will not recuse from this closed case or transfer it to another judge, entity, or location.

Second: the filings objecting to the court's order on Mr. Neighbors's request for a hearing and seeking reconsideration of that holding (Docs. 713, 714, and 715).  These documents express disagreement with the court's resolution of Mr. Neighbors's motions for return of property and an

-3-

evidentiary hearing (the motions contained in Docs. 684 and 700, and the order filed as Doc. 707). Mr. Neighbors believes that he has a right to make a full evidentiary showing at the hearing. With all due respect, the court disagrees for the reasons previously stated. Mr. Neighbors has not met the standard for reconsideration, and the court denies his requests for relief.

Finally, the court notes that in the context of requesting reconsideration, Mr. Neighbors also challenges this court's subject matter jurisdiction at length. But the court has dismissed the case against Mr. Neighbors with prejudice. The case is closed. These arguments are not a proper basis for reconsideration of the court's decision in Doc. 707.

**IT IS THEREFORE ORDERED** that the objections raised in Docs. 708, 713, and 714 are overruled.

**IT IS FURTHER ORDERED** that the motion for reconsideration (Doc. 715) and the motion to recuse and transfer (Doc. 723) are denied.

Dated this 13th day of April, 2015, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**
